

# NUMBER 13-18-00293-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**MICHAEL RIOJAS,**                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                        **Appellee.**

**On appeal from the 25th District Court
of Gonzales County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa
Memorandum Opinion by Chief Justice Contreras**

A jury convicted appellant Michael Riojas of possession of a controlled substance in penalty group 1 (methamphetamine) in an amount between four and two hundred grams with intent to deliver, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.112. The State alleged Riojas had three prior felony convictions, and

Riojas pleaded true to two of the allegations during the punishment phase of trial, thereby enhancing his punishment range for the offense. *See* TEX. PENAL CODE ANN. § 12.42(d) (increasing punishment range to "any term of not more than 99 years or less than 25 years"). The jury assessed punishment at ninety-nine years' incarceration in the Texas Department of Criminal Justice–Institutional Division.[1] Riojas appealed, and his court-appointed appellate counsel has filed an *Anders* brief stating there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I.    *ANDERS* BRIEF

Riojas's appellate counsel has filed a motion to withdraw and a brief in support thereof in which he states that he has diligently reviewed the entire record and has found no non-frivolous grounds for appeal. *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation of the record showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

---

[1] At the punishment phase of trial, the State introduced evidence of Riojas's prior convictions, including: (1) delivery of a controlled substance in 1999, (2) assault in 2000, (3) aggravated assault in 2005, (4) burglary of a habitation in 2005, (5) possession of a controlled substance in 2010, (6) possession of a dangerous drug in 2010, (7) assault bodily injury to a family or household member in 2015, (8) aggravated assault in 2015, and (9) possession of a controlled substance in penalty group 1 in 2015.

In compliance with *High*, 573 S.W.2d at 813, and *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014), counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Riojas's counsel has also informed this Court that he has: (1) notified Riojas that he has filed an *Anders* brief and a motion to withdraw; (2) provided Riojas with copies of both filings; (3) informed Riojas of his rights to file a pro se response,[2] to review the record preparatory to filing that response, and to seek discretionary review in the Texas Court of Criminal Appeals if this Court finds that the appeal is frivolous; and (4) provided Riojas with a form motion for pro se access to the appellate record with instructions to file the motion in this Court. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 609 n.23. More than adequate time has passed, and Riojas has not filed a pro se response.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellant Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n. 23 (Tex. Crim. App. 2008).

3

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Riojas's counsel has asked this Court for permission to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffrey v. State*, 903 S.W.3d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw.

Within five days of the date of this opinion, we order counsel to send a copy of this opinion and judgment to Riojas and to advise him of his right to file any petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 67 (Tex. Crim. App. 2006).

### IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS<br>
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of August, 2019.

---

[3] No substitute counsel will be appointed. If Riojas seeks further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. A petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals, *see id.* R. 68.3(a), and must comply with the requirements of the Texas Rule of Appellate Procedure. *See id.* R. 68.4.

4